IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONTREZ JONES, ) | |
| ) | |
| Movant, ) | |
| ) | Case No. 4:08CV00256 ERW |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon Contrez Jones' Motion to Vacate Judgment Pursuant to 28 U.S.C. § 2255 [doc. #1]. In a Memorandum and Order dated December 19, 2008, the Court found that Movant's claim that his Counsel was ineffective because he failed to request a curative instruction could not be conclusively determined based upon the Petition, the files, and the records of the case. In that Memorandum and Order, the Court denied the rest of Movant's grounds for relief. An evidentiary hearing was then held before the Court on March 20, 2009 on the sole issue of whether Movant's counsel was ineffective because he failed to request a curative instruction. The Court ordered supplemental briefing following the evidentiary hearing, and this briefing was concluded on June 11, 2009.

**I.  BACKGROUND & PROCEDURAL HISTORY**

On December 2, 2005, detectives with the St. Louis Metropolitan Police Department witnessed Contrez Jones ("Movant") entering a car belonging to Martrell Dailey. They believed that Movant may be engaging in a drug transaction, so they approached the car and witnessed the occupants in possession of marijuana. The detectives seized the marijuana and arrested Movant

and Martrell Dailey. Upon searching Movant pursuant to his arrest, the detectives found cash and cocaine base.

On July 27, 2006, Movant was indicted for possessing, with the intent to distribute, more than five grams of cocaine base and for possessing marijuana on December 2, 2005. As a result of this indictment, a warrant for Movant's arrest was issued. On August 8, 2006, St. Louis Metropolitan Police detectives attempted to apprehend Movant. They watched Movant conduct a drug transaction and then attempted to arrest him. Movant flourished a chrome handgun at one of the detectives and fled the scene. On August 15, 2006, detectives attempted to apprehend Movant at his apartment, however, he fled from his apartment, leaving behind $4,380 in cash and a clear plastic bag containing cocaine base. On August 22, 2006, detectives found Movant and a chrome handgun in the bathroom of a muffler shop, and he was placed under arrest.

On November 22, 2006, a federal grand jury returned a five-count superseding indictment against Movant. The superseding indictment contained the same charges as before, detailing his acts on December 2, 2005. In addition, the superseding indictment charged Movant with brandishing a firearm during and in relation to a drug trafficking crime on August 8, 2006, possessing cocaine base on August 15, 2006, and being a felon in possession of a firearm on August 8 and 22, 2006.

Movant's trial began on February 5, 2007. Movant had previously been convicted for possessing cocaine base, with the intent to distribute. Movant refused to stipulate to his status as a convicted felon. As a result, Movant's prior convictions were marked as exhibits and were offered into evidence. These exhibits were used by the Government pursuant to Fed. R. Civ. P. 404(b), to prove Movant's status as a previously convicted felon, and to impeach Movant when

he elected to testify at trial pursuant to Fed. R. Civ. P. 609. The trial concluded on February 8, 2007, and the jury returned guilty verdicts on four of the five counts. The jury found Movant not guilty of possessing marijuana on December 2, 2005. On April 25, 2007, Movant was sentenced to concurrent terms of 168 months on Count 1, 36 months on Count 4, 120 months on Count 5, and a term of 84 months on Count 3 to be served consecutively to Counts 1, 4 and 5. This aggregates to a total prison term of 252 months. The Judgment states that "[t]he term of imprisonment imposed by this judgment shall run concurrently to the term of imprisonment imposed on November 27, 2006, in the United States District Court, Eastern District of Missouri, pursuant to the judgment in Docket No. 4:03CR00328 SNL." Movant timely filed a notice of appeal on April 25, 2007, and the Eighth Circuit affirmed the Court's decision not to compel the testimony of Martrell Dailey, and later denied Movant's petition for rehearing en banc and rehearing by the panel. Movant's Motion to Vacate Judgment Pursuant to 28 U.S.C. § 2255 [doc. #1] is currently pending before the Court.

## II.　LEGAL STANDARD

A federal prisoner may seek relief from a sentence imposed against him on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994) (internal citations omitted).

**III.     DISCUSSION**

The Sixth Amendment of the Constitution guarantees the right of the accused in criminal prosecutions to "the Assistance of Counsel." U.S. Const. Amend. VI. "[T]he right to counsel is the right to effective assistance of counsel." *Kimmelman v. Morrison*, 477 U.S. 365, 377 (1986). Here, Movant alleges that his counsel was ineffective for his failure to request curative instructions when the Government introduced evidence of his prior convictions.

The Supreme Court case of *Strickland v. Washington* is instructive on the requirements for a successful claim of ineffective assistance of counsel. 466 U.S. 668, 687 (1984). To be successful, Movant must demonstrate: (1) counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) counsel's "deficient performance prejudiced the defense." *Id.*; *see also Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995). Additionally, the burden of proof is on the Movant to demonstrate that "his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman*, 477 U.S. at 384.

To prove the first prong of the test for ineffective assistance of counsel, Movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Counsel must have "failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Thus, Movant faces a heavy burden in overcoming the presumption that the challenged action may not be considered "sound trial strategy." *Strickland*, 466 U.S. at 689.

In evaluating the second prong, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Movant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. Movant must affirmatively prove that the errors actually had an adverse effect on the defense that is prejudicial enough to undermine confidence in the outcome. *Id*. Even if sufficient proof of the first prong exists, relief may only be obtained if a petitioner demonstrates that the deficient performance prejudiced the case. *Id.* at 697. The Court may address the two *Strickland* prongs in any order, and if a petitioner fails to make a sufficient showing of one prong, the Court need not address the other prong. *See Strickland*, 466 U.S. at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) ("If we can answer 'no' to either question, then we need not address the other part of the test.").

Movant claims that his attorney was ineffective when he failed to request curative instructions when the Government introduced evidence of Movant's prior convictions. Movant did not stipulate to his prior convictions and he testified at his trial. As a result, his prior convictions came in at his trial for several different purposes: (1) Under Fed. R. Evid. 404(b),[1] (2) to prove Movant's status as a previously convicted felon, and (3) under Fed. R. Evid. 609.[2]

---

[1] "Evidence of other crimes, wrongs or acts . . . [may be admissible] as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).

[2] "For the purpose of attacking the character for truthfulness of a witness, . . . evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a).

Limiting instructions were discussed prior to trial. Movant initially requested a bench trial because he was concerned about the prejudicial effect his previous convictions might have upon the jury.

> MR. SIMS: Your Honor, my client has asked that I inform the Court he knows that his criminal history will be coming into evidence, and he feels that even though the Court would instruct the jury that they cannot use his criminal history to determine if he's guilty or not of this particular crime, he feels that they would not be able to follow that instruction and would be - - it would weigh on their verdict . . .
>
> THE COURT: Well, you know, that's very perceptive on his part because those are issues certainly that are to be considered . . . I would say there is a likelihood at least that those motions would be granted so that during the Government's case, the jury would be hearing about those other convictions. They would be given a limited instruction and told that they can only consider it for certain issues. They couldn't consider it as to whether or not you were guilty in this case. They could use them on the issue of intent and knowledge, lack of common scheme or plan, or something else. So does he understand that's the way those could come in if he doesn't testify, and does he understand that if he does testify, they would come in on his credibility issues?
>
> MR. SIMS: Yes, he does, Your Honor.
> THE COURT: Is that correct?
> THE DEFENDANT: Yes, Your Honor.
>
> . . .
>
> THE COURT: Okay. I would like to hear what the Government has to say about all this before a final decision is made.
>
> MR. STEVENS: Thank you, Judge. Just a brief note, Judge. I would point out also that pursuant to the <u>Old Chief</u> case, the Government did submit a stipulation to the defendant. There is a felon in possession charge in this case. My understanding is that the defendant has opted not to stipulate to that fact, meaning that his convictions would also come in in the Government's case in chief to prove his prior felon status. Beyond that, Judge, I think the Government's position is that the Government would opt for a jury trial in any event . . . Judge, I think the Government would not waive jury trial.
>
> . . .
>
> THE COURT: . . . Do you understand, Mr. Jones, that that rule does apply, and the Government has a right to a jury trial also, and they are not consenting to allow you to request a trial and have the Court sustain it without their weighing in on this issue? Do you understand that?
> THE DEFENDANT: Yes, sir.

(Tr. Vol.I P.8 L.18 - P.13 L.20). Additionally, prior to trial, the Court heard arguments from the

Parties on the Government's motion in limine related to 404(b) evidence, and a limiting instruction was again discussed:

> MR. STEVENS: Thank you, Your Honor. The next motion is the Government's motion in limine for admission of Rule 404(b) evidence. In this particular case, Your Honor, we are talking about two prior convictions of this defendant. Obviously, this Court as well as the Eighth Circuit has repeatedly stated the standard that Rule 404(b) is a rule of admissibility and that there are basically four factors that are looked at: Is it relevant to a material issue; is it similar in kind and not overly remote in time to the crime charged; is it supported by sufficient evidence; and does its potential prejudice not substantially outweigh its probative value.
> 
> Regarding the first issue, I think the evidence in this case is particularly relevant for a few reasons. As in many of these sorts of cases, this defendant is charged with not only possession with intent to distribute crack cocaine, but also on a later date possession of crack cocaine. His prior convictions are exactly that federal prior, possession with intent to distribute more than 5 grams of crack cocaine, as well as a state prior for possession of crack cocaine. Those two prior convictions could hardly be more similar than the charges in this case. They are relevant for exactly that reason. They go to the defendant's intent and knowledge and lack of mistake in this case. I would also point out, Judge, that in this particular case, these priors are only a few years old. 2003 and 2004 were the years of his prior convictions, and we are talking about arrests in this case in 2005 and 2006 . . . Judge, I would also point out that as I already mentioned, this defendant has . . . refused to stipulate pursuant to Old Chief as is his right, making his priors even more relevant to other issues in this case beyond just knowledge and intent. As far as sufficient evidence, we have certified copies of these prior convictions that have been turned over to defense counsel and would intend to submit those. In that regard, we may also have one short witness in regard to one of the priors, but the Government certainly will not belabor that, and as the Court had pointed out, we'll submit a limiting instruction, although that may need to be somewhat changed, modified, to meet the circumstances of this case where this defendant is also charged with being a felon in possession of a firearm.

(Tr. Vol.I P.15 L.18 - P.17 L.14). Despite the discussions detailed above, no limiting instruction was given to the jury, and Movant's counsel did not object to the jury instructions.

The model jury instruction that could have been used at trial is:

**2.08 THE DEFENDANT'S PRIOR SIMILAR ACTS (Where Introduced to Prove an Issue Other Than Identity) (Fed. R. Evid. 404(b))**

You [are about to hear] [have heard] evidence that the defendant (describe evidence

7

the jury is about to hear or has heard). You may consider this evidence only if you (unanimously) find it is more likely true than not true. This is a lower standard than proof beyond a reasonable doubt. If you find that this evidence is more likely true than not true, you may consider it to help you decide (describe purpose under 404(b) for which evidence has been admitted). You should give it the weight and value you believe it is entitled to receive. If you find that it is not more likely true than not true, then you shall disregard it.

Remember, even if you find that the defendant may not have committed [a] similar [act] [acts] in the past, this is not evidence that [he] [she] committed such an act in this case. You may not convict a person simply because you believe [he] [she] may have committed similar acts in the past. The defendant is on trial only for the crime[s] charged, and you may consider the evidence of prior acts only on the issue of (state proper purpose under 404(b), e.g., intent, knowledge, motive). [3]

Because Movant's convictions were also introduced to show that Movant was guilty on the felon in possession charge, this instruction would have been modified.[4] The introductory comment to the section containing this model jury instruction states that "this circuit has made it clear that the district court is not required to give a limiting instruction unless counsel requests one." 2.00 Instructions for Use During Trial.

The Court was unable to resolve this issue based upon the Petition, the files, and the records of the case, however, the testimony provided by Movant's trial counsel conclusively demonstrates that this claim must fail. The first prong of the test for ineffective assistance of counsel asks whether "counsel's representation fell below an objective standard of

---

[3] Note 3 following this model instruction makes it clear that the second paragraph of this instruction should only be given if the defendant requests it, due to "[t]he trade-off between explanation and repetition."

[4] Courts have issued limiting instructions stating that a defendant's prior conviction should only be considered with respect to his felon in possession counts, and not other counts. *See United Stats v. Atchley*, 474 F.3d 840, 853 (6th Cir. 2007). Additionally, limiting instructions are given even when a defendant has testified and was questioned on his prior convictions. *See Clark v. Jones*, 2007 WL 295016, at *3 (E.D. Mich. Jan. 29, 2007).

8

reasonableness." *Strickland*, 466 U.S. at 688. Movant must overcome the presumption that the challenged action may not be considered "sound trial strategy." *Strickland*, 466 U.S. at 689. Counsel's decision not to seek a limiting instruction can be sound trial strategy as it may be to a defendant's benefit not to remind the jury of their prior crimes. *See Zavorski v. Cason*, 2007 WL 2363313, at *16 (W.D. Mich June 27, 2007). As was demonstrated by counsel's testimony, this was precisely why he decided not to request this instruction after all. Counsel stated that it was his opinion that the jury would make a credibility decision on whether to believe Movant or the police officer, and because he did not want to remind the jury of Movant's prior crimes, he did not ask for this instruction.

The decision made by Movant's counsel is common in cases like this one where the defense does not want the instruction given because it only calls more attention to a defendant's criminal history. The Court must "defer to reasonable trial strategies" such as this, and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Covey v. United States*, 377 F.3d 903, 909 (8th Cir. 2004) (quoting *Blankenship v. United States*, 159 F.3d 336, 338 (8th Cir. 1998)). As a result, Movant has failed to satisfy the first prong of the *Strickland* test, because his counsel's conduct did not fall "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Because Movant's claim fails to satisfy the first prong of the *Strickland* test, the Court need not address the second prong. *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

Accordingly,

**IT IS HEREBY ORDERED** that Movant Contrez Jones's Amended Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #11] is **DENIED.** All claims are dismissed, **with prejudice.**

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any of the dismissed claims that were raised in Movant's § 2255 Motion.

Dated this 20th Day of July, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE