UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CONTREZ JONES,                       )
                                     )
        Movant,                      )
                                     )
    vs.                              )        Case No. 4:08CV00256 ERW
                                     )
UNITED STATES OF AMERICA,            )
                                     )
        Respondent.                  )

**MEMORANDUM AND ORDER**

This closed matter under 28 U.S.C. § 2255 comes before the Court on Movant's "Motion

for Relief from a Final Order," pursuant to Fed. R. Civ. P. 60(b)(6).  [ECF No. 18].  The

Government opposes the Motion, and it is fully briefed.  For the following reasons, the Court

will deny the motion.

**I.      PROCEDURAL BACKGROUND**

Movant filed his original motion pursuant to § 2255 on February 21, 2008.  On December

19, 2008, this Court entered an order [ECF No. 6], granting Movant a hearing regarding a single

allegation of ineffective assistance of counsel, and denying Movant's other claims.[1]  After

holding the evidentiary hearing, the Court, in an order dated July 20, 2009 [ECF No. 15], denied

Movant's remaining allegation.  On the same date, the Court issued an order denying a certificate

of appealability as to any of the dismissed claims that were raised in Movant's § 2255 motion.

On January 15, 2013, more than three years after the Court's final order denying Movant's §

---

[1]Movant was granted a hearing on his allegation that his counsel was ineffective due to
the failure to request a curative instruction.  Movant also asserted several claims regarding
ineffectiveness of his counsel at sentencing, which were denied by this Court in its December 19,
2008 order [ECF No. 6].

2255 motion, Movant filed the instant Motion, seeking relief pursuant to Rule 60(b)(6).  On

January 24, 2013, the Government filed its "Response to Movant's Motion for Relief from a

Final Order" [ECF No. 19].  Movant then filed a Reply, entitled "Motion for Judgment on the

Pleadings" [ECF No. 20].  Movant's filing erroneously requests relief under Fed. R. Civ. P.

12(c), but does not address any arguments made by the Government in its Response.[2]

## II.     DISCUSSION

In the pending Motion, Movant seeks relief from the Court's final order denying his

motion to vacate pursuant to §2255.[3]  Movant seeks relief on two grounds: 1) that this Court

misapplied *Strickland v. Washington*, 466 U.S. 668 (1984), to Movant's ineffective assistance of

counsel claims, and 2) that the Court failed to apply Rule 22(b) of the Federal Rules of Appellate

Procedure, when it entered its final order denying Movant's motion to vacate.  Notably, other

than the conclusory allegations just listed, Movant fails to identify any controlling law or factual

matters that the Court has overlooked in its orders.  Bearing the limited nature of Movant's

allegations in mind, the Court will undertake a review under 60(b)(6) to ascertain whether relief

is warranted.

---

[2]In his reply, Movant requests relief under Fed. R. Civ. P. 12(c).  Rule 12(c) applies "after the *pleadings* are closed  - but early enough not to delay trial[.]"  Fed. R. Civ. P. 12(c) (emphasis added).  As such, the Reply requests relief that is unavailable, considering the closed nature of the proceedings.  Furthermore, the Reply is non-responsive to the Government's arguments as it is *solely* comprised of the request under 12(c).

[3]Movant asks the Court for relief "from the Court's Final Order Denying Movant (sic) Motion to vacate pursuant to 28 U.S.C. § 2255 [Document 6] filed December 19, 2008." [ECF No. 18].  Movant does not mention the Court's July 20, 2009 order.  However, the Court will consider the single allegation of ineffectiveness of counsel denied in the July 20, 2009 order, in the event that the *pro se* Movant excluded it in error.  As will later be discussed, this claim provides no basis for relief under 60(b)(6) to Movant.

Initially, the Court must consider whether the 60(b)(6) Motion is a successive petition.  A federal prisoner may file a second or successive motion under §2255 only after obtaining authorization to do so from the appropriate United States Court of Appeals.  28 U.S.C. 2255(h); 28 U.S.C. § 2244(b)(3).  "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive ... § 2255 action by purporting to invoke some other procedure."  *United States v. Lambros,* 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam) (internal citations omitted); *Blackwell v. U.S.*, No. 4:99CV1687CAS, 2009 WL 3334895, at * 2 ( E.D. Mo. Oct. 14, 2009).  The Eighth Circuit has directed that where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should file the motion and then conduct a **brief initial inquiry** to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254.  *Boyd v. United States,* 304 F.3d 813, 814 (8th Cir. 2002).  If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, it should dismiss the motion for failure to obtain authorization from the Court of Appeals or, in its discretion, transfer the purported Rule 60(b) motion to the Court of Appeals.  *Id*. at 814.

Here, Movant alleges that the Court misapplied *Strickland v. Washington* to his ineffective assistance of counsel claims raised in his § 2255 motion.  It is clear from the Court's review of the previous filings and orders in this action that Movant does not present a new argument in his 60(b) motion, but is urging the Court to reconsider matters addressed in the previous denials of Movant's § 2255 petition.[4]  The instant Motion fails as "[t]his is not the

---

[4]The Court denied § 2255 relief in its orders dated December 19, 2008, and July 20, 2009 [ECF Nos. 6, 15].

purpose of 60(b) ... It is not a vehicle for simple reargument on the merits." *Roadway v. Norris*, 193 F.3d 987, 989–90 (8th Cir. 1999). Thus, Movant's argument is properly treated as a successive § 2255 application. As such, the Court will dismiss it in light of Movant's failure to obtain authorization from the Court of Appeals.

Even if his ineffectiveness of counsel claims are not deemed successive, Movant does not satisfy the high standard required under 60(b) to reopen the judgment. Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason that justifies relief" from the operation of the judgment. Fed. R. Civ. P. 60(b)(6). A motion under subsection (b)(6) must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and requires a showing of exceptional circumstances to justify the reopening of a final judgment. *See United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986) (*per curiam*), cert denied, 484 U.S. 836 (1987). Although it is unnecessary to further address Movant's argument due to its successive nature, a review of the Court's orders establishes that the Court properly applied *Strickland*, and Movant's broad and conclusory argument is without merit.

Movant also claims that the Court failed to apply Rule 22(b) of the Federal Rules of Appellate Procedure, when it entered its final order denying Movant's motion to vacate. [ECF No. 18]. Rule 22(b) provides that in a § 2255 proceeding, the movant may not appeal the district court's order denying the § 2255 motion unless a circuit judge or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b).[5] Additionally, pursuant to the Antiterrorism and

---

[5] **b) Certificate of Appealability.**
(1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28

Effective Death Penalty Act of 1996 (AEDPA), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements codified at 28 U.S.C. § 2253(c). *Jones v. Delo,* 258 F.3d 893, 900–01 (8th Cir. 2001).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial showing of the denial of a constitutional right, a petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the issues deserve further proceedings.  *Bell v. Norris,* 586 F.3d 624, 632 n.3 (8th Cir. 2009).

Again, Movant is urging the Court to consider a matter, the issuance of a certificate of appealability, already addressed in a previous denial of § 2255 relief.  However, even if Movant's claim is not deemed successive, it fails under the standard of 60(b).  Relief is available under 60(b) only upon an adequate showing of exceptional circumstances.  *Young*, 806 F.2d at 806. Here, Movant does not establish exceptional circumstances, or that the Court overlooked controlling decisions or factual matters concerning either Fed. R. App. P. 22(b), or the standards underlying the issuance of a certificate of appealability.  Movant merely asserts that the Court failed to apply Fed. R. App. P. 22(b), but does not offer a single issue of law or fact to support his allegation.  Further, under the plain language of 22(b), the Court here cannot be said to have failed to apply the rule.  The Rule concerns whether a *movant* may or may not appeal denial of § 2255 relief, based on whether the district or circuit judge issued a certificate of appealability. Here, the Court made a determination and denied the issuance of a certificate, consistent with

---

U.S.C. § 2253(c).  If an applicant files a notice of appeal, the district clerk must send to the court of appeals the certificate (if any) and the statement described in Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. § 2254 or § 2255 (if any), along with the notice of appeal and the file of the district-court proceedings.  If the district judge has denied the certificate, the applicant may request a circuit judge to issue it.  Fed. R. App. P. 22(b).

Rule 22(b).  As such, Movant's claim that the Court failed to properly apply Fed. R. App. P. 22(b) will also be denied.

Furthermore, as noted above, a motion under Rule 60(b) must be made "within a reasonable time,"  Fed. R. Civ. P. 60(c), and requires a showing that exceptional circumstances prevented the moving party from seeking relief through the usual channels.  *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989).  The Government argues that the 60(b)(6) Motion is untimely.  Movant makes no argument that his delay in seeking relief is reasonable, nor does he show exceptional circumstances preventing him from seeking relief in the three years that have elapsed since the Court's Order became final.  This Court agrees that Movant's Motion is untimely under 60(c).

While the Court endeavors not to impair a *pro se* litigant by the harsh application of technical rules, it also finds that a *pro se* litigant must still produce convincing evidence in support of a 60(b) motion to reconsider and vacate a final judgment.  *See Carman v. Treat*, 7 F.3d 1379, 1381 (8th Cir. 1993) (finding that plaintiff's "pro se status did not entitle him to disregard Federal Rules of Civil Procedure").  Here, Movant offers two broad allegations, devoid of any evidentiary or legal basis to vacate the Court's denial of § 2255 relief and order denying a certificate of appealability.

Accordingly,

Movant's Motion for relief from judgment under 60(b)(6) will be denied.

**IT IS HEREBY ORDERED** that Contrez Jones's Motion for Relief from Judgment pursuant to Rule 60(b)(6) [ECF No. 18] is **DENIED**.

Dated this __19th__ day of April, 2013.

_____

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE